IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| ANTHONY CHARLES MURPHY, | **MEMORANDUM DECISION AND ORDER REGARDING PETITION DEFICIENCIES** |
|---|---|
| Petitioner, | |
| v. | Case No. 4:18-CV-60-DN |
| BRIAN NEILSON, | District Judge David Nuffer |
| Respondent. | |

Having reviewed the habeas-corpus petition here, 28 U.S.C.S. § 2254 (2019), the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

## DEFICIENCIES IN PETITION

Petition:

(a) has possibly been supplemented by other potential claims in other documents filed in this case by Petitioner. (Doc. Nos. 5, 10, 11, 14, 15 & 17.)

(b) does not appear to observe the federal habeas-corpus standard of review, which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2019).

(c) has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from complying with Rule 8's minimal pleading requirements. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court may not "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference,

any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, Petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Third, Petitioner may generally not bring civil-rights claims as to his conditions of confinement in a habeas-corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under § 2254; any claims about the execution of Petitioner's sentence should be brought under § 2241. 28 U.S.C.S. §§ 2254, 2241 (2019). Fifth, claims made based on state law are not proper in a federal habeas petition. *Id*. § 2241 ("The writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States . . . .").

## MOTIONS FOR APPOINTED COUNSEL

The Court now evaluates Petitioner's motions for appointed counsel. The Court initially notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2019).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time. First, it is yet unclear that Petitioner has asserted any

colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. The Court thus denies for now Petitioner's motions for appointed counsel.

## O R D E R

Based on the above, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from today to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no references to any other document. The Amended Petition will be the only document the Court will review to determine whether to order an answer from Respondent. R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

(4) Petitioner's motions for appointed counsel are **DENIED**. (Doc. Nos. 2 & 7.) However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf.

(5) Petitioner's motions for service of process are **DENIED**. (Doc. Nos. 3 & 8.) There is no valid petition on file here as of this Order. Further, if a valid petition is later filed, no prompting is needed for the Court to order an answer from Respondent. Rs. 4 & 5, Rs. Governing § 2254 Cases in the U.S. Dist. Cts.

(6) Petitioner's motion for order to compel discovery is **DENIED**. (Doc. No. 9.) Once a valid petition is filed, the Court will determine on its own whether to order discovery. R.6, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.") No further motions of this kind are needed.

(7) Petitioner's motions to submit are **GRANTED**. (Doc. Nos. 12 & 13.) The two motions submitted are decided in this Order. Motions to submit are not needed in this case in which the Court closely manages and is aware of the docket.

(8) Petitioner's motion to amend or correct amendments as he wishes is **DENIED**. (Doc. No. 17.) Any further proposed amendments must follow Federal Rule of Civil Procedure 15(a)(2), stating: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave."

DATED this 10th day of April, 2019.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court